**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL ACTION NO. 25-55-S-DLB-CJS**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**CHESTER LEE HOLLOWAY** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 1 of the Indictment, as well as the original Indictment at sentencing.

2. The essential elements of Count 2 are:

(a) The Defendant knowingly possessed the firearm charged in the Indictment, that is, a Taurus International, Model GC3, 9mm pistol, bearing serial number TLS54693;

(b) At the time the Defendant possessed the firearm, he had been previously convicted of a crime punishable by imprisonment exceeding one year, that is, a felony;

(c) The Defendant knew that he was a felon; and

(d) The possession of the firearm was in or affecting interstate or foreign commerce.

3. As to Count 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On May 22, 2025, officers with the Covington Police Department initiated a traffic stop of a vehicle driven by the Defendant in Covington. Officers detected the odor of burnt marijuana emanating from the vehicle and observed the Defendant remove a small bag of marijuana from the center console. The Defendant subsequently admitted that the vehicle contained marijuana and that it might also contain a firearm, which the Defendant stated would be a 9mm pistol in the trunk of the vehicle.

(b) Officers subsequently searched the vehicle and found the small bag of marijuana from the center console, a larger bag of marijuana on the rear driver's side floorboard, and a cross-body bag in the trunk, which contained a small bag of marijuana, the Taurus 9mm pistol alleged in the Indictment, as well as a loaded extended magazine. The larger bag of marijuana was tested and found to contain 119.1 grams of marijuana. A records check confirmed that the Taurus firearm was stolen. Additionally, the Taurus firearm was manufactured outside of Kentucky, and, therefore, traveled in interstate commerce prior to being recovered in Kentucky. Finally, the Defendant further admits that he knowingly possessed the Taurus firearm.

(c) The Defendant consented to a search of his cell phone and officers found evidence on the cell phone consistent with marijuana distribution. A further search of the Defendant's cell phone revealed a video of the Defendant discharging a firearm at range and gun retailer in Florence, Kentucky. Records from the retailer confirmed that the Defendant indeed rented a Glock firearm from the retailer on December 14, 2024.

(d) The Defendant was previously convicted of crimes punishable by imprisonment exceeding one year, including most recently aggravated trafficking in drugs, in violation of O.R.C. § 2925.03(A)(2). The Defendant admits that he knew he was a felon at the time he possessed the two firearms mentioned above.

4. The statutory punishment for Count 2 is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than

3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes, but is not limited to, the facts outlined in paragraph 3.

(c) Pursuant to U.S.S.G. § 2K2.1(a)(1), the base offense level is 26 because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine.

(d) Pursuant to U.S.S.G. § 2K2.1(b)(4)(A), increase the offense level by 2 levels because the firearm was stolen.

(e) It is the United States's position that the offense level should be increased by 4 levels pursuant to U.S.S.G. § 2K2.1(b)(7)(B) because the Defendant possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense. The Defendant reserves the right to contest the application of this enhancement at sentencing.

(f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture

and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant

agrees to notify the United States Attorney's Office of any material changes in his economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's

financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: 1/15/26 By: ______________________
Kyle M. Winslow
Assistant United States Attorney

Date: 1/14/26 ______________________
Chester Lee Holloway
Defendant

Date: 1/14/26 ______________________
Sean Pharr
Attorney for Defendant