# UNITED STATES DISTRICT COURT

for the

Eastern District of Kentucky

United States of America
v.
CHESTER LEE HOLLOWAY
*Defendant*

Case No. 2:25-cr-55-DLB-CJS

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
❐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

- ❐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  - ❐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  - ❐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  - ❐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  - ❐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  - ❐ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; ***and***
- ❐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***
- ❐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***
- ❐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)* **Part III completed in the alternative**

**OR**

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☑ Prior criminal history
- ❒ Participation in criminal activity while on probation, parole, or supervision
- ❒ History of violence or use of weapons
- ☑ History of alcohol or substance abuse
- ☑ Lack of stable employment
- ☑ Lack of stable residence
- ❒ Lack of financially responsible sureties

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☑ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

As explained to Defendant Holloway at the conclusion of his detention hearing, he is being detained based on risk of danger to the community or a specific person. This written order under 18 U.S.C. 3142(i) supplements the court minutes and audio record and memorializes those findings.

Defendant is before the Court on a charge of being in knowing possession of a firearm as a convicted felon, in violation of 18 U.S.C. 922(g)(1). Given the charge, no presumption applies in this case. Nevertheless, the United States has carried its burden of showing the Court that given the nature and circumstances of the subject offense, combined with Holloway's criminal history, there is no condition or combination of conditions that could be imposed to sufficiently mitigate the risk of danger if Holloway were released to the community. The pending charge arose after Holloway, who lives in Cincinnati, came across the river for the purpose of selling drugs and, when he did so, he also had a stolen firearm in the vehicle. Following a traffic stop and police finding marijuana on Defendant's person, he consented to a review of his cell phone at which point messages were found evidencing Holloway was trafficking in drugs. And he was doing this while having a stolen firearm in the trunk of the vehicle that he initially tried to say was his girlfriend's. Holloway also informed law enforcement that he has a TikTok account, which account showed him being at a firing range and shooting firearms.

Holloway's criminal history is lengthy, and he does have many older convictions and arrests where the charges were either ignored or dismissed without further information. Little weight is given to this information. But there is other history that, in combination with the nature and circumstances of his current charge, highlight the community risk if he were released. Two of his older convictions are significant though, 2011 and 2008, because they involved firearms. The 2008 conviction involved a semi-automatic. So early on as a young adult Holloway was made aware he should not have guns. As the Court explained to him, if it were only those two older convictions, release consideration might be different. But his more recent criminal history is a problem. In December 2019 he was convicted of aggravated trafficking and also convicted of possession of fentanyl. The Ohio court did give him probation and he participated in the River City treatment program. Yet even with that treatment program there was a violation in 2021 and a few other instances of violation along with other criminal history while on that probationary period. He had driving under suspension, an assault charge, and criminal mischief, and then criminal damaging. He received a year of community control for the criminal damaging. All of that meant he remained on probation until July 2024, which is very recent in the context of the current charge. And then he was unemployed in July 2024 at termination of his probation, which also doesn't help in his desire to be released pretrial. He had been living with his cousin for six months at the time of this charge, and Pretrial was unable to reach his cousin to confirm his residential situation. After the 2019 conviction, then violations of his probation for that conviction, then another conviction in 2019 with probation that extended him out to supervisory status until July 2024. The search of his TikTok posts showed him at the firing range in Northern Kentucky in December 2024, a significant point to release consideration given that with his drug trafficking history and early adulthood convictions involving firearms, Holloway was well aware he shouldn't be going to the range and firing a weapon and then he's found with a stolen gun in the trunk upon traffic stop. With such awareness that he is prohibited from having firearms and yet that he continues to have them nonetheless, there is no safe way in which the Court could impose conditions for pretrial release that pretrial officers could safety supervise and the Court could have confidence that Defendant would abide by.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: January 16, 2026

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***Candace J. Smith***

**United States Magistrate Judge**